UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

OLIN CORPORATION, :
    Plaintiff, :
: CIVIL ACTION NO.
v. : 3:02cv184 (SRU)
:
THE FURUKAWA ELECTRIC CO. LTD., :
    Defendant. :
:

### RULING ON DEFENDANT'S MOTION FOR ATTORNEYS' FEES

Olin Corporation ("Olin") sued The Furukawa Electric Company ("Furukawa"), a Japanese company, for patent infringement based on Furukawa's alleged offer to sell a precursor to Olin's patented alloy accompanied by instructions for converting the precursor to the patented alloy. This court dismissed Olin's suit for lack of personal jurisdiction after concluding that – as a matter of law – Furukawa's actions did not infringe Olin's patent and therefore such actions did not give rise to jurisdiction under Connecticut's long-arm statute. Furukawa now moves for attorneys' fees claiming Olin's suit was "exceptional," in the meaning of 35 U.S.C. § 285, entitling Furukawa to such an award. For the reasons discussed below, Furukawa's motion is denied.

**I.**     **Legal Standard**

In patent infringement lawsuits, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. In order to make such an award, the district court must first determine whether the case is exceptional, and if the case is found to be exceptional, the court must then determine whether attorneys' fees should be awarded. Union Pacific Resources Co. v. Chesapeake Energy Corp., 236 F.3d 684, 694 (Fed. Cir. 2001). The award of attorneys' fees under 25 U.S.C. § 285 is made at the court's discretion. Cambridge

Products, Ltd. v. Penn Nutrients, Inc., 962 F.2d 1048, 1050 (Fed. Cir. 1992).  The moving party must demonstrate the exceptional nature of the case by clear and convincing evidence viewed in light of the totality of the circumstances.  Eltech Sys. Corp. v. PPG. Indus., Inc., 903 F.2d 805, 811 (Fed. Cir. 1990).

"Exceptional cases" are typically those involving bad faith litigation or those involving fraud or inequitable conduct by the patentee in procuring the patent.  Encomp Inc. v. L-Com, Inc., 999 F. Supp. 264, 266 (D. Conn. 1998).  Examples of litigation brought in bad faith include vexatious, unjustified, or frivolous suits or suits involving misconduct.  Id.  A frivolous suit is one which the patentee knew, or on reasonable investigation, should have known, was baseless. Id.

## II.     Olin's Lawsuit

Furukawa argues that it is entitled to attorneys' fees because Olin's suit was frivolous. Furukawa contends that Olin's attempt to hold Furukawa liable for offering to sell a precursor material in the U.S. – when Olin knew Furukawa had never intended to or tried to sell the actual patented product in the U.S. – was wholly unjustified and without merit.  I disagree.  Olin presented a novel, but plausible, theory of liability in an attempt to prevent what it understandably saw as an attempt to erode its patent rights.  Though Olin's arguments were ultimately unpersuasive, they were far from frivolous.

Olin's claim was based on the legal theory that offering to import a precursor to a patented alloy, coupled with an offer to provide instructions on how to convert the precursor to the patented alloy, constituted direct infringement under the "offer to sell" language added to 35 U.S.C. § 271 in 1994.  Olin's theory was partially supported by two well established principles of patent law.  Under the doctrine of "contributory negligence," someone who sells the parts needed

to create an infringing device along with instructions for assembling them can be found liable, provided there is a *predicate act of direct infringement* by the purchaser.  See, e.g., Cordis v. Medtronic AVE, Inc., 194 F. Supp. 2d 323, 349 (D. Del. 2002).  Additionally, under the 1994 amendment to 35 U.S.C. § 271 not only sales of, but "offers to sell," patented products can constitute direct infringement.  Olin argued, in essence, that the combination of these two principles leads to the conclusion that there can be liability for an offer to sell products that, if actually sold and used in an infringing way, could give rise to a claim of contributory infringement.

I ultimately concluded that the patent law does not reach as far as Olin would have it.  The decision was close, however, and Olin made cogent, compelling arguments.  Cases involving difficult and close questions of patent law, like this one, are not "exceptional" within the meaning of 35 U.S.C. § 285.  Old Dominion Box Co. v. Continental Can Co., 273 F. Supp. 550, 572 (S.D.N.Y. 1967), aff'd, 393 F.2d 321 (2d Cir. 1968).  Consequently, an award of attorneys' fees is inappropriate.

I also note that, not only did Olin's legal arguments have merit, but its motivations for bringing suit – at least on the facts presented – appear justified and reasonable.  Furukawa manufactured a product that, if imported to the U.S., would apparently infringe Olin's patents.  Moreover, Furukawa appeared to be engaged in negotiations that, if successful, would have resulted in a U.S. manufacturer infringing Olin's patents.  The fact that Furukawa itself was not actually importing an infringing product into the U.S. must have been cold comfort to Olin.  Accordingly, it is understandable why Olin would see Furukawa's actions as a threat to Olin's patent rights and take preemptive action to try to prevent them.  I see no reason why an award of attorneys' fees should be used to chill this type of vigilance by a lawful patent holder.

For the aforementioned reasons, Furukawa's motion for attorneys' fees (doc. # 41) is DENIED.

It is so ordered.

Dated at Bridgeport, Connecticut, this 30th day of March 2004.

                                              /s/ Stefan R. Underhill
                                                 Stefan R. Underhill
                                                 United States District Judge